J-A21027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| POCONO MANOR INVESTORS, LP, A DELAWARE LIMITED PARTNERSHIP | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| BENEDICT SLANE AND MICHELE FRAKT, | : : : | No. 187 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered November 16, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 2019-03395

BEFORE: KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 19, 2021**

Appellants Benedict Slane and Michele Frakt appeal from the order granting the motion for judgment on the pleadings filed by Appellee, Pocono Manor Investments, LP.[1] Appellants contend that genuine issues of material fact remain, and the trial court erred or abused its discretion in granting judgment on the pleadings. Following our review, we affirm on the basis of the trial court's November 16, 2020 opinion.

Briefly, we summarize the relevant facts and procedural history of this matter as follows. On May 1, 2019, Appellee filed a complaint against

---

[*] Former Justice specially assigned to the Superior Court.

[1] The order granting Appellee's motion for judgment on the pleadings was a final and appealable order as it disposed of all claims and all parties. Pa.R.A.P. 341(a), (b)(1).

Appellants alleging that Appellee owns the common areas, improvements, utilities, and roadways within the private planned community of Pocono Manor, and that Appellee reserved the right to develop water and sewer lines within the community. Appellants reside within this planned community, and Appellees claimed that problems with the sewer lines occurred at the beginning of 2019, which required maintenance. However, Appellee contends that Appellants barred it from entering the property to repair the leaking sewer lines. Appellee's complaint sought to confirm Appellee's easement on the property.

On May 1, 2019, Appellee filed a motion for a preliminary injunction seeking permission to enter Appellants' properties to perform the sewer repairs. The trial court concluded that there was immediate and irreparable harm that would occur if the sewer leak was not repaired, and the trial court ordered that Appellee could enter the property to make the repairs.

On June 10, 2019, Appellants filed their answer with new matter and counterclaims in response to Appellee's complaint. In the counterclaims, Appellants alleged breach of contract and intentional infliction of emotional distress. Appellee filed preliminary objections to the counterclaims, and on September 26, 2019, the trial court sustained, in part, and overruled, in part, Appellee's preliminary objections, and the court permitted Appellants twenty days in which to amend their pleadings.

Appellants next filed their first amended answer, new matter, and counterclaims. In response, Appellee filed preliminary objections. On January

27, 2020, the trial court denied Appellee's preliminary objections to Appellants' new matter, and it granted Appellee's preliminary objections to Appellants' counterclaims. Appellants then filed their second amended answer, new matter, and counterclaims. In response, Appellee filed preliminary objections. On April 27, 2020, the trial court sustained Appellee's preliminary objections with respect to Appellant Frakt's counterclaims concerning breach of contract and intentional infliction of emotional distress. However, the trial court overruled the preliminary objections in part, and Appellant Slane's counterclaim for breach of contract remained.

On September 29, 2020, Appellee filed a motion for judgment on the pleadings. The next day, the trial court ordered the parties to file briefs regarding Appellee's motion. On November 16, 2020, the trial court granted Appellee's motion for judgment on the pleadings, dismissed all of Appellant's counterclaims in their entirety, granted Appellees an easement over Appellants' properties to operate, maintain, and repair sewer lines, and permanently enjoined Appellants from interfering with Appellee's operation, maintenance, and repair of the sewer lines.

Appellants filed a timely appeal. Both the trial court and Appellants complied with Pa.R.A.P. 1925.[2]

_____

[2] On January 4, 2021, the trial court directed Appellants to file a Rule 1925(b) statement, and pursuant to Pa.R.C.P. 236, the order was entered on the docket on January 5, 2021. The order required Appellant to file the Rule 1925(b) statement within twenty-one days. However, it also provided that
*(Footnote Continued Next Page)*

Appellants raise the following issues:

1. Did the court below err as a matter of law or abuse its discretion in dismissing Appellants' new matter and counterclaims?

2. Did the court below err as a matter of law or abuse its discretion in granting Appellee's motion for judgment on the pleadings?

Appellants' Brief at 4 (some formatting altered).

We review Appellants' issues pursuant to the following standard:

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

_____

service would be complete upon mailing if Appellants obtained a United States Postal Service (USPS) form 3817 in compliance with Pa.R.A.P. 1112(c). Appellants' Rule 1925(b) statement was docketed on February 3, 2021, however, Appellants included a USPS form 3817, which was dated January 25, 2021. Accordingly, we conclude that Appellants' Rule 1925(b) statement was timely.

*Kote v. Bank of New York*, 169 A.3d 1103, 1107 (Pa. Super. 2017) (citation omitted), *appeal denied*, 182 A.3d 434 (Pa. 2018).

Following our review of the record, the parties' briefs, and the trial court's well-reasoned analysis, we discern no error of law or abuse of discretion by the trial court. Accordingly, we affirm the November 16, 2020 order granting Appellee's motion for judgment on the pleadings on the basis of the trial court's opinion. **See** Trial Ct. Op., 11/16/20, at 1-5.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

POCONO MANOR INVESTORS, LP, a : NO. 3395 CIVIL 2019
Delaware Limited Partnership,

Plaintiff

vs.

BENEDICT SLANE and MICHELE
FRAKT,
: MOTION FOR
Defendants : JUDGMENT ON THE PLEADINGS

## O P I N I O N

This matter comes before the Court on the Motion for Judgment on the Pleadings filed by Pocono Manor Investors, LP (hereinafter "Plaintiff") to the Counterclaims of Benedict Slane and Michele Frakt (hereinafter "Defendants"). Plaintiff initiated this action on May 1, 2019 by filing a complaint. Plaintiff now seeks judgment on the pleadings as to Defendants' Counterclaims, and as to the allegations of its own Complaint.

On April 27, 2020, this Court issued an Order in which it granted preliminary objections as to the counterclaims of the Defendants. In that opinion, the Court dismissed Count I of the Defendants' Counterclaim for breach of contract as it relates to Defendant Frakt. Count

II, which was Ms. Frakt's claim of intentional infliction of emotional distress, was also dismissed.

On September 29, 2020, Plaintiff filed their Motion for Judgment on the Pleadings as to any remaining claims of the Defendants. On September 30, 2020, this Court issued an order calling for both parties to file briefs. Plaintiff's brief was filed on October 16, 2020. Defendants' brief in opposition to the Plaintiff's Motion for Judgment on the Pleadings was filed on November 2, 2020. Oral argument was not held in this matter and a decision has been rendered based on the submissions of the parties.

## Discussion

Under Pa.R.C.P. 1034, any party may move for a Judgment on the Pleadings after the pleadings have closed. Pa.R.C.P. 1034. A judgment based on the pleadings is very similar to a demurrer in that it is only appropriate when "there are no disputed facts and the moving party is entitled to a judgment as a matter of law. Sw. Energy Prod. Co. v. Forest Res., LLC, 2013 Pa. Super. 307, 83 A.3d 177, 185 (2013). "A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which are specifically admitted. Coleman v. Duane Morris, LLP, 2012 Pa. Super. 281, 58 A.3d 833, 836 (2012). Essentially, a judgment on the pleadings is only appropriate when the moving party's case is so strong that a trial would be fruitless. Sw. Energy Prod. Co., at 185.

Plaintiff asserts that a judgment on the pleadings as to Defendants' Counterclaims is appropriate as Defendant Frakt's Counterclaim under Count I and Defendant Frakt's

2

Counterclaim under Count II have already been dismissed by preliminary objection. There was also a claim by Defendant Slane that Plaintiff breached an oral promise. We agree that this cause of action was also dismissed when the preliminary objection as to Count I was granted in the Order dated April 27, 2020. Plaintiff states that Defendant Slane's claim for breach of written contract may be all that remains and subject to this Motion.

Defendants allege in their brief that Plaintiff's motion for judgment on the pleadings is premature since discovery has not been completed. We note a Case Management Order was issued on August 27, 2019 directing that discovery be completed by April 22, 2020. Furthermore, as pointed out by Plaintiff, this deadline would have been extended to July 7, 2020 under President Judge Margherita Patti Worthington's Emergency Order due to the COVID-19 pandemic. However, even with the time under the Case Management Order being extended, Plaintiff still had not received any discovery requests from the Defendants. We agree with the argument made by Plaintiff that discovery could have been requested by Defendants at any time leading up to this motion and even following the filing of this motion. There has been plenty of time to conduct discovery. The time to conduct discovery has expired, and there were no additional motions to extend the deadlines established by the Court. Therefore, we will not dismiss Plaintiff's Motion to allow Defendants to conduct further discovery first, even assuming the purpose thereof would be to conduct discovery in aid of amending Defendants' Counterclaims.

The Plaintiff argues in their brief that their preliminary objections were sustained as to paragraphs 73(a) and 73(b) of Defendants' Answer/New Matter/Counterclaim by the April 27, 2020 Court Order. The reason for this was because there was insufficient specificity pleaded

3

by the Defendants in their counterclaim. As the Plaintiff points out, Defendants failed to allege any new facts in their Counterclaim to back up their claims for breach of contract, including Defendant Slane's claims. Defendants argue the Order of April 27, 2020 only concerned Defendant Frakt's claims and not those of Defendant Slane.

However, looking at the facts alleged, we find that Plaintiff has made a compelling case that Count I should also be dismissed as it relates to Defendant Slane. Defendants have failed to plead any new facts that would lead to a question that a jury could rule in their favor as to either paragraph 73(a) and 73(b) of their Counterclaim. The paragraphs do not give enough detail or state any facts that we believe rise to a level of a genuine issue of material fact. By dismissing those claims in paragraphs 73(a) and 73(b), Defendants can no longer rely on them in support of the remaining breach of written contract claim.

As Plaintiff also points out, preliminary objections were already sustained as it applies to paragraphs 73(c) and 73(d) of the Counterclaim in this Court's Order of September 26, 2019. In that Order, this Court found that both of those sections were dismissed for the same reasons we dismissed other claims in the April 27, 2020 Order. The grounds were insufficient specificity in the pleading. With those paragraphs being dismissed, there are no other facts or allegations made that would support a claim of breach of a written agreement. There are no facts alleged to show that the property was unable to be used or sold, or that it remains a health hazard. As such, we find that Plaintiff has sufficiently proven their case and that no genuine issues remain in the Defendants' Counterclaim. Thus, we find that the Plaintiff's Motion for Judgment on the Pleadings will be granted as to Defendants' Counterclaim.

Plaintiff also seeks judgment on the allegations set forth in their Complaint. Plaintiff's Complaint seeks relief to confirm an easement to operate, maintain, and repair the sewer line which traverses Defendants' property, and to permanently enjoin the Defendants from interfering with the maintenance, operation and repair of the sewer line. This Court previously recognized these rights of the Plaintiff in the Preliminary Injunction Order of May 8, 2019. Plaintiff now seeks a permanent injunction under the same grounds asserted in the request for a preliminary injunction. Defendant has not contested that issue in their Answer. In paragraph 67 of Defendants' Answer with Counterclaim, the Defendants admitted that governing documents, including the Covenants and Declaration, provide that "the association (Plaintiff) is responsible for repairing, replacing and maintaining common areas, including the sewer lines." By this admission, there are no facts in dispute regarding Plaintiff's right to an easement and permanently enjoining Defendants from interfering with the maintenance, operation, and repair of the sewer line in the easement area.

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

POCONO MANOR INVESTORS, LP, a
Delaware Limited Partnership,

          Plaintiff

      vs.

BENEDICT SLANE and MICHELE
FRAKT,

          Defendants

: NO. 3395 CIVIL 2019
:
:
:
:
:
:
:
:
:
: PLAINTIFF'S MOTION FOR
: JUDGMENT ON THE PLEADINGS

## O R D E R

**AND NOW,** this 16th day of November, 2020, Plaintiff's Motion for Judgment on the Pleadings is GRANTED and it is ORDERED and DECREED as follows:

1. Count I of Defendants' Counterclaim is DISMISSED in its entirety. There are no remaining counterclaims asserted by the Defendant.

2. Plaintiffs have an easement over Lots 70, 203 and 211, in the areas asserted in the Complaint, and have the right to operate, maintain and repair the sewer lines located in the easement area. Defendants are permanently enjoined from interfering with the maintenance,

6

operation and repair of Plaintiff's sewer lines located in the easement area, including, but not limited to, the easement over Lots 70, 203 and 211.

BY THE COURT:

_____
DAVID J. WILLIAMSON, J.

cc:     John B. Dunn, Esq.
        Andrew J. Katsock, III, Esq.

DJW2020-097 Pocono Manor v. Slane and Frakt 3395 CV 2019.docx

PROTHONOTARY
2020 NOV 16 P 3: 47
MONROE COUNTY, PA